## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA (TULSA)

IN RE:

Carmen Renae Engdahl-Taylor

      Debtor.

BK Case No. 23-10782-M

Chapter 7

Judge Terrence L. Michael

---

Carmen Renae Engdahl-Taylor

      Plaintiff,

vs.

National Collegiate Student Loan Trust

      Defendant.

ADV Case No.23-01015-M

---

### ANSWER OF DEFENDANTS NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-2, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-1, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3, AND NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-4 TO PLAINTIFF'S COMPLAINT

NOW COMES, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-3, and National Collegiate Student Loan Trust 2007-4 ("NCSLT"), by and through counsel, and for its Answer to the Complaint, states as follows:

1. NCSLT denies the allegations contained in paragraph one (1) of Plaintiff's complaint for the truth of the matter asserted.

2. NCSLT states that allegations contained paragraph two (2) Plaintiff's complaint states a legal conclusion to which no response is necessary. However, to the extent that an answer is deemed required, Defendant denies the allegations contained in paragraph two (2) of Plaintiff's complaint for want of sufficient knowledge.

3. NCSLT states that allegations contained paragraph three (3) Plaintiff's complaint states a legal conclusion to which no response is necessary. However, to the extent that an answer is deemed required, Defendant denies the allegations contained in paragraph three (3) of Plaintiff's complaint for want of sufficient knowledge.

4. NCSLT states that allegations contained paragraph four (4) Plaintiff's complaint states a legal conclusion to which no response is necessary. However, to the extent that an answer is deemed required, Defendant denies the allegations contained in paragraph four (4) of Plaintiff's complaint for want of sufficient knowledge.

5. NCSLT states that allegations contained paragraph five (5) Plaintiff's complaint states a legal conclusion to which no response is necessary. However, to the extent that an answer is deemed required, Defendant denies the allegations contained in paragraph five (5) of Plaintiff's complaint for want of sufficient knowledge.

6. NCSLT denies the allegations contained in paragraph six (6) of Plaintiff's complaint for want of sufficient knowledge.

7. NCSLT denies the allegations contained in paragraph seven (7) of Plaintiff's complaint for want of sufficient knowledge.

8. NCSLT denies the allegations contained in paragraph eight (8) of Plaintiff's complaint for want of sufficient knowledge.

9. NCSLT denies the allegations contained in paragraph nine (9) of Plaintiff's complaint for want of sufficient knowledge.

10. NCSLT denies the allegations contained in paragraph ten (10) of Plaintiff's complaint for want of sufficient knowledge.

11. NCSLT admits the allegations contained in paragraph eleven (11) of Plaintiff's complaint.

12. NCSLT denies the allegations contained in paragraph twelve (12) of Plaintiff's complaint for want of sufficient knowledge.

13. NCSLT denies the allegations contained in paragraph thirteen (13) of Plaintiff's complaint for want of sufficient knowledge.

14. NCSLT denies the allegations contained in paragraph fourteen (14) of Plaintiff's complaint for want of sufficient knowledge.

15. NCSLT denies the allegations contained in paragraph fifteen (15) of Plaintiff's complaint for want of sufficient knowledge.

Affirmative Defenses:

1. Plaintiff's complaint fails to state a claim for which relief can be granted as Plaintiff demonstrates no allegations that indicate Plaintiff is under an undue hardship.

2. Plaintiff fails to abide by Bankruptcy Rule 7008. NCSLT consents to any order entered by the bankruptcy court.

    Respectfully submitted,

    WELTMAN, WEINBERG & REIS CO., L.P.A.

    By: /S/ John Erin McCabe
    John Erin McCabe
    Attorney for Defendant
    312 Elm Street, Suite 1200
    Cincinnati, OH 45202
    513-723-2206
    jmccabe@weltman.com

**CERTIFICATE OF SERVICE**

A copy of the Answer to Plaintiff's Complaint, on behalf of Creditor National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-3, and National Collegiate Student Loan Trust 2007-4 was sent to the following on the 6th day of November, 2023 by U.S. Mail or by electronic notification:

Plaintiff
Carmen Renae Engdahl-Taylor
8809 N 144th East Ave
Owasso, OK 74055

Plaintiff's Attorney
Ron D. Brown
Brown Law Firm PC
715 S. Elgin Ave.
Tulsa, OK 74120

U.S. Trustee
Office of U.S. Trustee
PO Box 3044
Tulsa, OK 74101

        WELTMAN, WEINBERG & REIS CO., L.P.A.

        By: /S/ John Erin McCabe
        John Erin McCabe
        Attorney for Defendant
        312 Elm Street, Suite 1200
        Cincinnati, OH 45202
        513-723-2206
        jmccabe@weltman.com