IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re<br><br>Carmen Renae Engdahl-Taylor,<br><br>Debtor. | Bankr. Case. No. 23-10782-M<br>Chapter 7 |
| Carmen Renae Engdahl-Taylor,<br><br>Plaintiff,<br><br>v.<br><br>U.S. Department of Education; Nelnet; Firstmark Services; National Collegiate Student Loan Trust 2005-2; National Collegiate Student Loan Trust 2006-1; National Collegiate Student Loan Trust 2006-3; National Collegiate Student Loan Trust 2007-4; and Navient;<br><br>Defendants. | Adv. Pro. No. 23-01015-M |

**Defendant United States Department of Education's
Answer and Affirmative Defenses to Plaintiff's Complaint (Doc. 1)**

The United States Department of Education (the "Department"), by and through its undersigned counsel, hereby provides its Answer and Affirmative Defenses to the allegations of Plaintiff Carmen Engdahl-Taylor's Adversary Complaint (Doc. 1) and states as follows:

I. Preliminary Statement

The Department admits that Plaintiff is seeking a declaration that certain student loan debts are educational loans. The remainder of this paragraph is a conclusion of law to which no answer is required, but is nevertheless denied.

II. Jurisdiction and Venue

1. Admits.

2. Admits.

3. Admits.

4. Admits.

5. Admits based upon information and belief.

### III. Factual Allegations

6. The Department is without sufficient information on the first part of the paragraph; however, the Department admits that Debtor did incur federal student loans to fund education.

7. Admits.

8. Admits.

9. The Department lacks sufficient information to form a response as to the truth of the statements in this paragraph and denies same.

10. The Department lacks sufficient information to form a response as to the truth of the statements in this paragraph and denies same.

11. The Department lacks sufficient information to form a response as to the truth of the statements in this paragraph and denies same.

12. The Department lacks sufficient information to form a response as to the truth of the statements in this paragraph and denies same.

13. The Department lacks sufficient information to form a response as to the truth of the statements in this paragraph and denies same.

14. The Department lacks sufficient information to form a response as to the truth of the statements in this paragraph and denies same.

IV. First Claim for Relief

This paragraph is a request for relief requiring no answer and is denied.

15.  This paragraph is a conclusion of law requiring no answer and is denied.

The final paragraph is a request for relief requiring no answer and is denied.

### Affirmative Defenses

1.  Plaintiff is not entitled to a hardship discharge pursuant to Title 11 U.S.C. § 523(a)(8) because Plaintiff cannot satisfy the elements for hardship discharge recited in *Bruner v. N.Y. State Higher Educ. Servs. Corp.,* 831 F.2d 395 (2d Cir. 1987) and similar cases. *See Educ. Credit Mgmt. Corp. v. Polleys*, 356 F.3d 1302, 1306-1309 (10th Cir. 2004) (recognizing "the bankruptcy code does not define 'undue hardship,' nor has the Tenth Circuit designated a test for the determination of the term" and that the *Brunner* and Totality Tests "consider similar information—the debtor's current and prospective financial situation in relation to the educational debt and the debtor's efforts at repayment.").

2.  Plaintiff's Complaint should be dismissed because it fails to state a claim upon which relief can be granted.

3.  Because the repayment options allowed by the Department allow the federal student loan debt burden to be tailored to accommodate reasonable expenses and varying earning ability, Plaintiff's obligation to repay her federal student loan debt under these options will not impose an "undue hardship" on her. Accordingly, Plaintiff's Complaint seeking a hardship discharge of this student loan debt should be denied.

4. Plaintiff is barred from receiving any relief against the Department to the extent subject matter jurisdiction is lacking or that sovereign immunity is not waived.

5. The Department asserts that it has, or may have, additional affirmative defenses that are not known to it at this time but may be ascertained through discovery. The Department specifically preserves these and other affirmative defenses as they are ascertained through discovery.

The Department prays that the Court find no undue hardship and, therefore, no dischargeability of the loans held by the Department pursuant to Title 11 U.S.C. § 523(a)(8) and for any further relief this Court deems just and equitable.

Respectfully submitted,

UNITED STATES OF AMERICA
Clinton J. Johnson
United States Attorney

s/Nolan M. Fields IV
Nolan M. Fields, OBA No. 31550
Assistant United States Attorney
110 West 7th Street, Suite 300
Tulsa, Oklahoma 74119
918-382-2700
Nolan.Fields@usdoj.gov