IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re:<br><br>CARMEN RENAE ENGDAHL-TAYLOR,<br><br>Debtor. | Case No. 23-10782-M<br>Chapter 7 |
| CARMEN RENAE ENGDAHL-TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION; NELNET; FIRSTMARK SERVICES; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-1; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-4; AND NAVIENT;<br><br>Defendants.<br><br>And,<br><br>Educational Credit Management Corporation,<br><br>Intervenor.<br><br>And<br><br>National Collegiate Student Loan Trust 2022-1, Additional Defendant. | Adv. No. 23-01015-M |

## AMENDED COMPLAINT

COMES NOW the Plaintiff, Carmen Renae Engdhal-Taylor, by and through her counsel of record, Ron D. Brown and R. Gavin Fouts of the Brown Law Firm, P.C., and alleges as follows:

### I. PRELIMINARY STATEMENT

The Debtor seeks a declaration that certain student loan debts are "educational loans" and the collection of which would constitute an undue hardship for the Debtor and should be discharged pursuant to section 523(a)(8) of the Bankruptcy Code.

### II. JURISDICTION AND VENUE

1. Debtor filed for bankruptcy protection under Chapter 7 of Title 11 on June 4, 2023.

2. The court has jurisdictions over this action under 28 U.S.C. §1334.

3. This is a core proceeding according to 28 USC §157(b)(2)(I).

4. This adversary proceeding is authorized by Bankruptcy Rule 4007(a).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

### III. FACTUAL ALLEGATIONS

6. During the course of her post-secondary education, the Debtor incurred various private and federal student loans to fund her education.

7. Upon information and belief, Debtor incurred student loans which are currently held by the U.S. Department of Education and are serviced by the Nelnet.

8. Debtor scheduled "Dept. of Ed/Nelnet" as a creditor on her filed bankruptcy schedules.

9. Upon information and belief, Debtor incurred student loans which are currently held and/or are serviced by Nelnet, Inc. d/b/a Firstmarkservices.

10. Upon information and belief, Debtor incurred student loans which are currently held and/or are serviced by National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-3, and National Collegiate Student Loan Trust 2007-4 (collectively, the "**National Collegiate Trust**").

11. Debtor scheduled "National Collegiate Trust" as a creditor on her filed bankruptcy schedules.

12. Upon information and belief, Debtor incurred student loans which are currently held and/or are serviced by the Navient.

13. Debtor scheduled Navient as a creditor on her filed bankruptcy schedules.

14. Upon information and belief, Debtor incurred student loans which are currently held and/or are serviced by National Collegiate Student Loan Trust 2022-1.

IV. **FIRST CLAIM FOR RELIEF**:
*Declaration that any obligation to all Defendants should be discharged as an undue hardship pursuant to 11 U.S.C. § 523(a)(8).*

15. Repayment of all loans owed to the Defendants would qualify as an undue hardship to the Debtor and should be determined as being discharged in the Debtor's bankruptcy case.

WHEREFORE, the Debtor demands judgment:

(i) Determining all loans to owed to the Defendants are dischargeable pursuant to 11 U.S.C. § 523(a)(8), and

(ii) for such other and further relief as the Court may deem just and proper.

DATED:  February 4, 2025

Respectfully submitted,
Brown Law Firm, P.C., by:


/s/ Ron D. Brown
Ron D. Brown, OBA #16352
1609 E. 4th Street
Tulsa, OK 74120
(918) 585-9500
(866) 552-4874 fax
ron@ronbrownlaw.com
*Attorneys for the Plaintiff*